IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRY LAMAR MCCOY**                                                                              **PLAINTIFF**

v.                                       Case No. 4:24-cv-00510 KGB

**JEFFERSON COUNTY**
**SHERIFF'S OFFICE,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 9). Plaintiff Terry Lamar McCoy has filed objections (Dkt. Nos. 10, 11). The Court construes the first objection filed by Mr. McCoy (Dkt No. 10) as a motion for an extension of time to file objections to the Recommendation. Therefore, the Court grants the motion for an extension of time file objections to the Recommendation (Dkt. N0. 10) and considers timely Mr. McCoy's objection to recommended disposition to dismiss (Dkt. No. 11). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 9). The Court dismisses Mr. McCoy's complaint without prejudice (Dkt. No. 2) and denies as moot Mr. McCoy's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), combined motion to amend complaint and appoint counsel (Dkt. No. 7), and motion for joinder (Dkt. No. 8).

**I.     Background**

Mr. McCoy, currently confined in the W.C. Brassell Adult Detention Center ("Jefferson County Detention Center"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). Mr. McCoy alleged defendants Jefferson County Sheriff's Office, Lafayette Wood, Jr., Hudson,

Thompkins, Judy Browley, Jenkins, and Perkins (collectively "Defendants") violated his constitutional rights.  Specifically, Mr. McCoy alleged Defendants denied him adequate nutrition in the Jefferson County Detention Center and that the commissary prices were "excessively high" (*Id.*, at 7–8).  Mr. McCoy also filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 1).  The Court denied the motion upon concluding that Mr. McCoy is a "three-striker" and did not allege sufficient facts to satisfy the imminent-danger exception to the three-strikes rule (Dkt. No. 3, at 3).  The Court ordered Mr. McCoy to pay the $405.00 filing fee within 30 days to proceed with the action (*Id.*).  Mr. McCoy did not, and still has not, paid the filing fee.  Mr. McCoy filed a second motion for leave to proceed *in forma pauperis* (Dkt. No. 5), motion to amend complaint and to appoint counsel (Dkt. No. 7), and a motion for joinder (Dkt. No. 8).

## II.     Legal Background

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Nevertheless, a prisoner with three strikes may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

### III.     Analysis

The Court writes separately to address Mr. McCoy's objections (Dkt. No. 11). In the Recommendation, Judge Moore finds that Mr. McCoy has three "strikes" under the PLRA (Dkt. No. 9, at 2–3). Further, Judge Moore finds that Mr. McCoy does not meet the imminent-danger exception to the three-strikes rule because he does not allege that he was in imminent danger of serious physical injury at the time he filed his complaint (*Id.*, at 3). Judge Moore recommends that this Court conclude that "[d]espite [Mr.] McCoy's allegations of weight loss, his allegations do not plausibly state that he is in imminent danger of serious physical injury (*Id.*, at 4).

In response, Mr. McCoy disputes whether his prior dismissals were properly classified as strikes under the PLRA (Dkt. No. 11, at 4). However, the Court agrees with Judge Moore's finding that on at least three prior occasions Mr. McCoy had three actions dismissed as frivolous for failure to state a claim under 28 U.S.C. § 1915(g): *McCoy v. Gorman, et al.*, Case No. 4:19-cv-00904-JM (E.D. Ark. Feb. 10, 2020); *McCoy v. Baker*, Case No. 4:21-cv-560-LPR (E.D. Ark. Aug. 12, 2021); and *McCoy v. Bureau of Democracy*, Case No. 4:21-cv-699-BRW (E.D. Ark. Aug. 4, 2021) (*See* Dkt No. 9, at 2–3).

Further, Mr. McCoy states that the legal issues in his case are complex enough to support the appointment of counsel (*Id.*, at 11). However, such an objection does not respond to Judge Moore's Recommendation, nor does it break new ground. Finally, Mr. McCoy asserts that the Court should accept as true the two IFP applications in which he represents he cannot afford to pay the filing fee (*Id.*, at 12). Here too, this objection does not respond to Judge Moore's Recommendation nor break new ground. As noted by Judge Moore, the PLRA prohibits a "three-striker" from proceeding *in forma pauperis* unless the imminent-danger exception applies, *see Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998) (citing 28 U.S.C. § 1915(g)), and Judge Moore

3

recommends that this Court find that Mr. McCoy does not allege facts making the imminent danger exception applicable (Dkt. No. 9, at 4).

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Mr. McCoy's objections break no new ground and fail to rebut the Recommendation. Thus, the Court agrees with the Recommendation and adopts it as the Court's findings in its entirety (Dkt. No. 9).

**IV.  Conclusion**

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 9). Mr. McCoy's complaint is dismissed without prejudice (Dkt. No. 2). Mr. McCoy's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), combined motion to amend complaint and appoint counsel (Dkt. No. 7), and motion for joinder (Dkt. No. 8) are denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action is considered frivolous and not in good faith.

It is so ordered this 24th day of February, 2025.

*[signature: Kristine G. Baker]*

Kristine G. Baker
Chief United States District Judge